UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LESLIE GAMBRELL,

        Plaintiff,                                    Case No: 1:08-cv-557

v                                                HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/


**<u>OPINION AND ORDER</u>**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security

Administration. 42 U.S.C. § 405(g). In rendering the decision on behalf of the Commissioner, the

ALJ declined to give controlling weight to two Residual Functioning Capacity (RFC) checklist

evaluations completed by Plaintiff's long-term psychiatrist, Robert G. Fawcett, M.D. The matter

was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R),

recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for

Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The Magistrate Judge

upheld the ALJ's decision on grounds that, inter alia, the ALJ stated "good reasons" for not

affording controlling weight to the checklist evaluations. The matter is presently before the Court

on plaintiff's objections to the R & R (Dkt 14). In accordance with 28 U.S.C. § 636(b)(1) and FED.

R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R

to which objections have been made. The Court denies the objections and issues this Opinion and

Order.

Plaintiff argues that the Magistrate Judge's recommendation to affirm the ALJ is erroneous where the ALJ failed to consider Dr. Fawcett's opinion in accordance with the six factors of 20 C.F.R. § 404.1527(d) (2006): "(1) Examining relationship, (2) Treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) Other factors" (Dkt 14 at 2). Plaintiff points out that the regulation "does not say 'some' of the factors or 'most' of the factors will be considered [but] unambiguously requires 'all' of the factors" (*id*. at 3).

Plaintiff's argument is without merit.

The Magistrate Judge correctly determined that the ALJ properly assessed the medical evidence (R & R at 10). While it is true that an ALJ is required to consider the six factors of 20 C.F.R. § 404.1527(d), an ALJ is not required to individually discuss each factor. *See, e.g., Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-71 (6th Cir. 2006) (upholding indirect articulation of good reasons to accord a treating physician's opinion less than controlling weight where discussion of other evidence "makes clear that the opinions . . . do not meet one of the two criteria for controlling weight: that the opinion be consistent with the other record evidence as a whole"). *Cf. Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) (rejecting an ALJ's decision for failure to state "good reasons" where the ALJ merely summarily dismissed the treating physician's opinion).

As the Magistrate Judge noted, the primary concern is that the ALJ articulate "good reasons" for failing to accord less than controlling weight to a treating source's opinion (R & R at 15 n.5). Consideration of the factors in question are not an end to themselves but the means by which the ALJ articulates the reasons for the weight he assigned the treating source's opinion (*id.*). *See generally Wilson,* 378 F.3d at 544 ("An ALJ must give the opinion of a treating source controlling

weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" ) (quoting 20 C.F.R. § 404.1527(d)(2) (2006)). The Court agrees with the Magistrate Judge that the ALJ fully complied with the regulations in this case where the ALJ considered extensive evidence and specifically rejected Dr. Fawcett's opinion as inconsistent with Dr. Fawcett's medical progress notes, plaintiff's own testimony about her ability to function, and the opinion of the state agency's consulting physician.

In a related argument, plaintiff challenges the ALJ's use of Dr. Fawcett's 2003 medical progress notes as a basis for discounting the doctor's medical opinion expressed in the RFC checklist questionnaires completed in 2006 and 2007 (Dkt 14 at 4). According to plaintiff, it is improper for the ALJ to "trump two (2) questionnaires that ask specific questions about a claimant's ability to perform work activities over normal office progress notes" (*id.* at 5). Plaintiff argues that "treatment notes are not a treating psychiatrist's opinion, but merely notes of psychiatric signs and symptoms and a plan of treatment such as medication" (*id.* at 4).

Although plaintiff did not present this argument to the Magistrate Judge, the argument does not demonstrate any error in the Magistrate Judge's ultimate recommendation to uphold the ALJ's discount of Dr. Fawcett's opinion. Medical progress notes are relevant record evidence, and the regulations indicate that inconsistency with *the record as a whole* is an adequate basis for discounting a treating source's opinion. *See* 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"). *See also Anderson v. Sullivan*, 925 F.2d 220, 222 (7th Cir. 1991) (noting that an ALJ is entitled to give more weight to contemporaneous medical evidence than to opinions based on hindsight);

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (finding that a physician's checkmark opinion on a standardized multiple-choice form is "not particularly informative").

As plaintiff's objections lack merit, the Court approves and adopts the Report and Recommendation of the Magistrate Judge as the Opinion of the Court. A Judgment will be entered consistent with this Opinion and Order. Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 14) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 13) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.


Dated:   July 12, 2010                                  /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge

4